# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JERAMIA WILLIAM COOK, Defendant. | No. 13-CR-2036-LRR<br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Jeramia William Cook's Objections ("Objections") (docket no. 35) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 24), which recommends that the court deny Defendant's Motion to Suppress ("Motion") (docket no. 12).

## II. RELEVANT PROCEDURAL HISTORY

On November 20, 2013, a grand jury returned an Indictment (docket no. 2) that charged Defendant with knowingly possessing a firearm and ammunition after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On December 30, 2013, Defendant filed the Motion. On January 8, 2014, the government filed a Resistance (docket no. 20). On January 9, 2014, Judge Scoles held a hearing on the Motion. *See* January 9, 2014 Minute Entry (docket no. 21). Defendant appeared in court with his attorney, Max Wolson. United States Attorney Sean Berry represented the government. On January 22, 2014, Judge Scoles issued his Report and Recommendation, which recommends that the court deny the Motion. On February 5, 2014, Defendant filed his

Objections. The Objections and Report and Recommendation are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

### IV. ANALYSIS

Defendant objects to Judge Scoles's finding that "there was a 'fair probability' that evidence of a crime (the gun) would be found in Defendant's vehicle." Report and Recommendation at 6. Specifically, Defendant asserts that while there was physical evidence suggesting that an altercation had occurred between Defendant and Wayne Nathem, this evidence did not indicate "whether one of the individuals had brandished a gun . . . and whether there was probable cause to say who had brandished the gun." Objections at 1. Defendant argues that because the physical evidence was not inconsistent

2

with Defendant's story, that evidence did not establish probable cause to search Defendant's vehicle. *Id.*

The Fourth Amendment prohibits unreasonable searches and seizures, and searches conducted without a warrant are per se unreasonable, subject to a few well-established exceptions. *United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005). Under the "automobile exception," police may "conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *Id.* at 1140-41 (8th Cir. 2005). "Probable cause sufficient to justify a search [or seizure] exists where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 1140. In determining whether probable cause exists, courts look to the totality of the circumstances and "apply a common sense approach . . . considering all relevant circumstances." *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013) (quoting *United States v. Gleich*, 397 F.3d 608, 612 (8th Cir. 2005)) (internal quotation marks omitted). Despite Defendant's claims, probable cause does not require officers to eliminate every alternative theory as to the possible location of contraband. Indeed, there may have *also* been probable cause to believe Nathem brandished a gun. Even so, in evaluating whether Officer Bloker had probable cause to seize Defendant's vehicle, the relevant inquiry is whether there was a fair probability that officers would find evidence of a crime in Defendant's vehicle.

After conducting a de novo review, the court finds that, based on the totality of the circumstances, Officer Bloker had probable cause to believe that evidence of a crime would be found in Defendant's vehicle. According to facts stipulated by the parties, Nathem contacted the Waterloo Police following an altercation with Defendant. Report and Recommendation at 2. Nathem reported to the responding officer that a white male with a scruffy beard pointed a gun at him, threw a bottle at his truck, which dented the

vehicle, and then drove away in a white SUV with a license plate number 006ZCY. *Id.* Officer Bloker discovered this vehicle was registered to Defendant and located Defendant down the street from the altercation. *Id.* Officer Bloker observed that Defendant fit the physical description Nathem reported. *Id.* Defendant denied having a gun and claimed that a truck driver backed into his car and then drove away. *Id.* at 3. Defendant further stated that when he followed the truck driver to confront him, the truck driver began yelling that he had a gun, so Defendant left. *Id.* Defendant also claimed that there was damage to his vehicle. *Id.* at 3. Officer Bloker investigated the scene of the altercation and both vehicles. Officer Bloker discovered a broken bottle at the scene and a dent in Nathem's car, but did not observe any damage to Defendant's vehicle. *Id.* at 2-3. These observations were consistent with Nathem's account of the altercation. The combination of Nathem's account of the altercation and the physical evidence corroborating his version of the altercation support Judge Scoles's determination that there was a fair probability that Defendant's vehicle would contain a gun. *See Kennedy*, 427 F.3d at 1141 ("The personal and recent knowledge of an identified eyewitness may be sufficient to establish probable cause.") (citing *Cundiff v. United States*, 501 F.2d 188, 190 (8th Cir. 1974)); *see also Illinois v. Gates*, 462 U.S. 213, 243 (1983) (noting that when applying the totality-of-the-circumstances standard for determining whether there was probable cause, the court should consider the "value of corroboration of details of an informant's tip by independent police work"). Accordingly, because Officer Bloker had probable cause to seize and search Defendant's vehicle, no violation of the Fourth Amendment occurred.

### V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 35) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 24) is **ADOPTED** in its entirety; and

(3) The Motion (docket no. 12) is **DENIED**.

**DATED** this 25th day of February, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA